**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID A. CAIN,

     Plaintiff-Appellant,

v.

JOE COLE CRUISER, Jailer; DONNY
ROSEBERRY, Jailer,

     Defendants-Appellees.

No. 00-6301
(W. District of Oklahoma)
(D.C. No. 99-CV-1164-T)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

David Alan Cain, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 asserting that the defendants, Joe Colclasure and Donald Rosebery,[1] denied him appropriate medical care while he was detained at the Kay County Detention Center in Oklahoma. Upon the recommendation of a magistrate judge, filed pursuant to 28 U.S.C. § 636(b)(1)(B), the district court granted the defendants' motion for summary judgment. In so doing, the district court concluded that to prevail on his claim, Cain had to come forth with sufficient evidentiary support to place at issue the following question: were Colclasure and Rosebery deliberately indifferent to Cain's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Estelle v. Gamble*, 429 U.S. 97 (1976). With that standard in mind and upon review of the entire record, the district court concluded that no reasonable juror could find that the defendants were deliberately indifferent to Cain's medical needs. In that regard, the district court noted that Cain had been seen by a doctor several times during the approximately one-month period at issue, had been prescribed drugs that had previously been used to stabilize his condition, and had been taken to the hospital as soon as it became apparent that his condition warranted it.

---

[1]As noted by the district court, because the defendants' names were misspelled in the complaint, they are also misspelled in the captions of court documents.

This court reviews the district court's grant of summary judgment *de novo*, applying the same legal standard used by the district court. *See Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1313 (10th Cir. 1999). On appeal, Cain simply reasserts the same arguments he made before the district court. This court's *de novo* review of the entire record, with particular attention to Cain's complaint, his response to the defendants' motion for summary judgment, and his objection to the magistrate judge's report and recommendation, convinces us that the district court's resolution of this case is substantially correct. It serves no purpose to simply repeat the thorough analysis of the magistrate judge and district court. Accordingly, this court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **AFFIRMS** for substantially those reasons set forth in the magistrate judge's report and recommendation dated July 21, 2000, and the district court's order dated August 15, 2000.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge